# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELI JOSEPH RUFFING and CHELSI ANN RUFFING,** <br> **Plaintiffs,** <br><br> v. <br><br> **UNITED STATES STEEL CORPORATION and CHAPMAN VALVE CO.,** <br><br> **Defendants.** | Civil Action No. _____ <br><br> [Removed from the Court of Common Pleas of Allegheny County, No. GD-25-008997] |

### DEFENDANT UNITED STATES STEEL CORPORATION'S
### NOTICE OF REMOVAL
### PURSUANT TO THE FEDERAL OFFICER REMOVAL STATUTE

Pursuant to 28 U.S.C. §§ 1442 and 1446, Defendant United States Steel Corporation ("U. S. Steel") hereby gives notice of removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania. As grounds for removal, U. S. Steel states as follows:

### BACKGROUND

1. On August 11, 2025, an explosion occurred at the U. S. Steel Clairton Coke Works ("Clairton Incident").

2. The next day, on August 12, 2025, the U.S. Chemical Safety and Hazard Investigation Board ("CSB")—an independent federal agency charged with investigating certain types of industrial accidental chemical releases—initiated a federal investigation of the Clairton Incident pursuant to its authority under 42 U.S.C. § 7412(r)(6)(C)(i).[1]

---

[1] *See* "U.S. Chemical Safety Board Opens Investigation into Fatal Incident at U.S. Steel Clairton Coke Works Plant in Pennsylvania" (Aug. 12, 2025), *available at*

3.   Under 42 U.S.C. § 7412(r)(6)(C)(i), CSB possesses the authority to "investigate . . . the facts, conditions, and circumstances and the cause or probable cause of any accidental release resulting in a fatality, serious injury or substantial property damages."

4.   Congress has also vested CSB with the power to hold hearings, issue subpoenas, and "enter any property where an accidental release . . . has occurred and do all things therein necessary for a proper investigation." 42 U.S.C. § 7412(r)(6)(L).

5.   CSB promulgates its own internal policies and procedures via "Board Orders." *See* 40 C.F.R. § 1600.4. Board Order 040—which governs CSB's "Investigations Program"—also grants investigative teams certain "authorities and responsibilities," including, among other things:

   a.   "Evaluating and photo-documenting the incident scene;"

   b.   "Taking chemical samples, collecting and securing evidence, and obtaining testing of such samples and other evidence"; and

   c.   "Preserving or causing to be preserved all evidence obtained through site examination, interviews, and other investigative activities, . . . as well as protecting, documenting, and incorporating the written evidentiary materials into the agency's electronic records management system in a timely manner."

Ex. A at 4.

6.   As part of its investigation, on the morning of August 12, 2025, the day after the Clairton Incident, CSB issued to U. S. Steel a "Site Preservation Order and Investigation Notification." Ex. B ("CSB Order"). Among other things, the CSB Order:

   a.   prohibits U. S. Steel from altering or removing physical evidence from its as-found condition under the circumstances discussed in the CSB Order absent CSB's approval;

---

https://www.csb.gov/us-chemical-safety-board-opens-investigation-into-fatal-incident-at-us-steel-clairton-coke-works-plant-in-pennsylvania/.

    b.    requires U. S. Steel to securely store all evidence collected during CSB's investigation at a location made known and accessible to CSB;

    c.    requires U. S. Steel to develop a detailed protocol which—subject to CSB's approval and ongoing supervision—governs evidence-preservation efforts at Clairton Works;

    d.    imposes mandatory notification and reporting requirements regarding the preservation, removal, and access to evidence; and

    e.    mandates that U. S. Steel make facilities and evidence accessible to CSB agents/investigators.

7. Under the CSB Order, U. S. Steel's actions with respect to the preservation of evidence are under the direction, control, and supervision of CSB.

8. U. S. Steel has fully complied with CSB's Order. U. S. Steel's evidence preservation efforts at Clairton Works have at all times been subject to the CSB Order and have been done under the auspices, direction, control, and supervision of CSB (as well as in coordination with other federal agencies that have been on site).

9. The CSB Order remains in effect.

10. On August 21, 2025, Plaintiff Eli Ruffing—a U. S. Steel employee—and his wife, Plaintiff Chelsi Ruffing, filed a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County, naming U. S. Steel and Chapman Valve Company as defendants. *See Ruffing et al. v. United States Steel Corporation, et al.*, Case No. GD-25-008997 (Allegheny Cty.); Ex. C (*Ruffing* Praecipe).[2]

---

[2] A second Praecipe for Writ of Summons was filed in the Court of Common Pleas of Allegheny County by the same counsel on behalf of another U. S. Steel employee injured in the Clairton Incident, Joshua McKee. *See McKee v. United States Steel Corporation, et al.*, Case No. GD-25-008998 (Allegheny Cty.); Ex. D (*McKee* Praecipe). That writ and associated motion requests the same relief as in the instant action. U. S. Steel is removing that action contemporaneously with the instant one, and then will file a Notice of Related Case.

11. Plaintiffs acknowledge that "Workers' Compensation is an exclusive remedy in Pennsylvania," but "are looking into the possibility of a third-party case" against other entities. Ex. E (Aug. 13, 2025 Letter). Plaintiffs thus initiated the instant action against U. S. Steel in state court for the purpose of gaining pre-complaint discovery concerning the Clairton Incident. *See* Ex. F (Plaintiffs' counsel stating that "Praecipes for Writs of Summons have been filed in both cases so that pre-complaint discovery can be performed."). "Specifically," Plaintiffs seek "an inspection with our experts prior to the movement and/or testing of any evidence to ensure all evidence is properly preserved and an acceptable plan for preservation of evidence is followed." *Id.*

12. On August 21, 2025, Plaintiffs emailed counsel for U. S. Steel an "Emergency Motion for Protective Order and to Coordinate the Preservation of Evidence" on behalf of Plaintiffs. Ex. G (Motion); *see* Ex. H (Brief in Support of Motion). Plaintiffs informed U. S. Steel that they intended to present the Motion to the Court of Common Pleas of Allegheny County on September 3, 2025.

13. The Motion argues that "U.S. Steel is not entitled to unilaterally determine how to preserve the evidence"; that the "non-preservation or significant alteration of evidence for pending or future litigation is considered spoliation"; and that U. S. Steel must therefore permit Plaintiffs' "counsel and experts to perform an inspection of the U.S. Steel Clairton Coke Works plant before evidence is displaced and develop an agreement with U.S. Steel for the preservation of evidence." Ex. H at 5, 6.

14. Plaintiffs are thus claiming that actions taken at the site to date may violate duties of preservation, and they are seeking injunctive relief against U. S. Steel on allegations of potential

4

spoliation. Plaintiffs also are seeking to intervene in ongoing investigative and preservation efforts that are subject to the CSB Order and that are under the direction, control, and supervision of CSB.

## BASIS FOR REMOVAL

15. This action is removable under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which allows federal officers, as well as "any person acting under that officer," to remove any "civil action . . . that is commenced in a State court."

16. The statute defines "civil action" to include "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1).[3]

17. Section 1442(a)(1) exists to protect the operations of the federal government from state interference, and ensures that even lawsuits between non-diverse parties alleging only state-law claims can proceed in federal court where they relate to federal agencies' actions. *See Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016); *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 466 (3d Cir. 2015).

18. "Unlike the general removal statute [*i.e.*, 28 U.S.C. § 1441], the federal officer removal statute is to be 'broadly construed' in favor of a federal forum." *Def. Ass'n.*, 790 F.3d at 466–67; *see also e.g., Willingham v. Morgan*, 395 U.S. 402, 406–407 (1969) (explaining that the

---

[3] The quoted language from Section 1442(d)(1) was added by Congress in 2011 specifically to provide for removal of state-court actions like this one, where a plaintiff seeks pre-complaint discovery from a defendant "acting under" a federal officer or agency. *See* Removal Clarification Act of 2011, Pub. L. 112-51, 125 Stat. 545 (2011); H.R. Rep. No. 112-17, at 2–6 (2011) ("Given that 47 states have enacted pre-civil suit discovery statutes, the General Counsel's Office recommends that the relevant portions of [Section 1442] . . . be amended to take into account the operation of these State pre-civil suit discovery statutes.").

"federal officer removal statute is not 'narrow' or 'limited'" and that Congress's policy favoring removal "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)").

19. Federal officer removal is proper where (1) the defendant is a "person" within the meaning of the statute; (2) the dispute is based upon conduct taken while "acting under" the United States, its agencies, or its officers; (3) the dispute is "for, or relating to" an act under color of federal office; and (4) the defendant can assert at least a colorable federal defense. *See Def. Ass'n.*, 790 F.3d at 467. All four elements are satisfied here.

20. **First**, as a corporation, U. S. Steel is a "person" within the meaning of the statute. *See, e.g., id.* (explaining that corporations are "persons" under 28 U.S.C. § 1442(a)(1)).

21. **Second**, U. S. Steel is "acting under" CSB, a federal agency, in relation to all evidence preservation efforts at Clairton Works.

22. "It is sufficient for the 'acting under' inquiry that the allegations are directed at the relationship between" the defendant and the federal government. *Id.* at 470; *see also id.* at 468 (explaining that the words "'acting under' are broad, and . . . that the statute must be 'liberally construed'") (citation omitted).

23. Plaintiffs' state-court action places the relationship between U. S. Steel and a federal agency (CSB) squarely at issue.

24. Since CSB issued the CSB Order on the morning of August 12, 2025, U. S. Steel's evidence-collection and preservation efforts at Clairton Works have been done under the auspices, direction, control and supervision of CSB, and in compliance with the CSB Order. Plaintiffs, however, want a court to order that U. S. Steel must grant Plaintiffs' "counsel and experts" inspection rights and to enter into an "agreement" with Plaintiffs "for the preservation of evidence." Ex. H at 6. In requesting that relief, Plaintiffs speculate, without proper basis, that any

evidence preservation, storage, or collection efforts—such as those that CSB has ordered or approved—have somehow been improper and inadequate. Any such efforts to date have only been done while acting under CSB and the CSB Order.

25. **Third**, Plaintiffs' lawsuit concerns actions U. S. Steel took "for, or relating to" CSB's ongoing evidence-preservation efforts.

26. To satisfy this element, a defendant must only show a "'connection' or 'association' between the act in question and the federal office." *Def. Ass'n.*, 790 F.3d at 471.

27. The "connection" or "association" is plain here. Plaintiffs' state-court action and Motion are exclusively directed at U. S. Steel's evidence-preservation efforts under the control and supervision of CSB. U. S. Steel could not enter into the evidence preservation agreement sought by Plaintiffs in their state-court action without approval of CSB. And while U. S. Steel vigorously disputes the suggestions and speculation in Plaintiffs' Motion that U. S. Steel's efforts have somehow been inadequate or improper, there can be no dispute that those efforts have been taken under the direction, supervision, and control of a federal agency and a preservation order issued under a federal statute as part of an ongoing investigation pursuant to that agency's congressionally-mandated authority.

28. **Fourth**, U. S. Steel has colorable federal defenses. A defendant "need not win his case before he can have it removed." *Papp*, 842 F.3d at 815 (citation omitted). At the removal stage, U. S. Steel needs only to show an asserted federal defense that is "colorable," which is to say that the defense is "legitimate and could reasonably be asserted, given the facts presented and the current law." *Id.* (brackets omitted).

29. "[D]uty-based defenses are the most common defenses" in federal officer removal cases. *Def. Ass'n*, 790 F.3d at 473. In the context of federal officer removal, a duty-based defense must be one that is "based on a federal duty to act, or the lack of such a duty." *Id.* at 473–74.

30. U. S. Steel is duty-bound to abide by the orders given by CSB as the federal agency overseeing and directing the evidence-preservation effort at Clairton Works. *See* 42 U.S.C. § 7412(r)(6); Ex. B. Specifically, U. S. Steel's evidence-preservation actions are subject to the CSB Order and express approval of CSB. *See* Ex. B.

31. U. S. Steel is acting under CSB's direction, supervision, and control on issues of evidence collection and preservation at Clairton Works. In doing so, U. S. Steel has met all of its obligations under the CSB Order and federal law. Accordingly, U. S. Steel has a colorable federal defense to a state-court action and motion seeking to impose a different evidence-collection and evidence-preservation regime than CSB has put in place (or any suggestion that its evidence collection and preservation efforts have somehow been inadequate) as a matter of civil discovery under the Pennsylvania rules. *See, e.g.*, *West Virginia State Univ. Bd. of Governors v. Dow Chem. Co.*, 23 F.4th 288, 298 (4th Cir. 2022) ("[T]here is no question that if the Defendants were 'acting under' the direction of a federal officer [*i.e.*, the EPA], they would have a colorable defense."); *id.* at n.6 ("Typically, it is sufficient for defendants to establish a colorable federal defense by stating that they 'complied with all his federal law obligations.'" (quoting *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996)).

32. Further, any order issued by the state court pursuant to Pa. R.C.P. 4012 would necessarily yield to the mandates of federal law and the CSB Order. *C.f. Surrick v. Killion*, 449 F.3d 520, 531 (3d Cir. 2006) ("Under the Supremacy Clause, when state law conflicts or is incompatible with federal law, the federal law preempts the state law.").

33. In sum, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1442(a)(1), and removal is proper.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

34. U. S. Steel meets all other requirements for removal.

35. This Court has personal jurisdiction over all parties.

36. Venue is proper in this Court because the state-court action is pending within the Western District of Pennsylvania. *See* 28 U.S.C. § 1441(a).

37. U. S. Steel files this Notice of Removal in the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, because the state court in which the action is pending, the Court of Common Pleas of Allegheny County, is within this federal judicial district and division.

38. U. S. Steel does not need to obtain the consent of co-defendant Chapman Valve Company to remove. A defendant can independently remove a case under 28 U.S.C. § 1442 without obtaining the consent of co-defendants. *E.g.*, *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (explaining also that "the entire case is removed" when any federal-officer defendant removes).

39. U. S. Steel first learned of Plaintiffs' Motion on August 21, 2025; removal is therefore timely under 28 U.S.C. § 1446(b)(3), (g).

40. Copies of all process, pleadings, and orders in the state-court action sent to U. S. Steel are submitted herewith pursuant to 28 U.S.C. § 1446(a).

41. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice, U. S. Steel will give written notice thereof to all adverse parties and file a copy of the Notice with the Clerk of the Court of Common Pleas of Allegheny County.

42. Nothing in this Notice shall be interpreted as a waiver or relinquishment of any right to assert any and all defenses or objections to claims brought by Plaintiffs.

Dated: August 29, 2025

Respectfully submitted,

 /s/   Anderson T. Bailey
Andrew R. Stanton (Pa. Bar No. 93409)
Anderson T. Bailey (Pa. Bar No. 206485)
Jeffrey D. Baltruzak (Pa. Bar No. 318156)
JONES DAY
500 Grant St., Suite 4500
Pittsburgh, PA 15219
Telephone: (412) 391-3939
atbailey@jonesday.com
astanton@jonesday.com
jbaltruzak@jonesday.com

*Counsel for Defendant
United States Steel Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of United States Steel Corporation's Notice of Removal was served on the following on August 29, 2025, via e-mail and U.S. Mail:

Albert J. Evans, Esquire
Attorney I.D. #68872
Fanelli, Evans & Patel, P.C.
1 Mahantongo Street
Pottsville, PA 17901
(570) 622-2455
clehr@fepalawyers.com

Edward D. Fisher, Esquire
Attorney I.D. # 787471
Provost Umphrey Law Firm, LLP
350 Pine Street, Suite 1100
Beaumont, TX 77701
(409) 838-8859
efisher@provostumphrey.com

*Counsel for Plaintiffs*

Chapman Valve Co.
77 Kilby Street
Boston, MA 02109

Crane Nuclear PFT Corp.
2825 Cobb Int'l Blvd,
Kennesaw, GA, 30152

*Defendant Chapman Valve Co.*

                                                /s/ *Anderson T. Bailey*
                                                Anderson T. Bailey
                                                *Counsel for Defendant*
                                                *United States Steel Corporation*